**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| DEBORAH KNOPP, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-25-1397-SLP |
| | ) | |
| EMANUEL TANKERSLEY, JR., | ) | |
| an individual, and | ) | (District Court of Oklahoma |
| CSAA GENERAL INSURANCE COMPANY, | ) | County, Case No. CJ-25-5052) |
| a foreign for profit corporation, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Plaintiff Deborah Knopp's Motion to Remand [Doc. No. 8].

Defendant CSAA General Insurance Company (CSAA) has filed a Response [Doc. No.

10], and Plaintiff has filed a Reply [Doc. No. 11].

**I.    Introduction**

On October 6, 2022, Plaintiff and Defendant Emanuel Tankersley (Tankersley) were

involved in a vehicular accident.  At the time of the accident, Plaintiff was insured by

CSAA; Defendant Tankersley was uninsured.  The amount of coverage Plaintiff is owed

by CSAA is in dispute.  Plaintiff filed a state-court action and named both CSAA and

Tankersley as Defendants, asserting claims for negligence as to Defendant Tankersley and

breach of contract, and breach of the duty of good faith and fair dealing as to Defendant

CSAA.  *See* [Doc. No. 1-2].

CSAA removed the action on the basis of diversity jurisdiction under 28 U.S.C.

§ 1332.  Although CSAA acknowledges Mr. Tankersley is a non-diverse defendant, it

contends he has been fraudulently joined in this action.  *See* Notice of Removal [Doc. No. 1].  Plaintiffs have moved to remand, contesting CSAA's allegations of fraudulent joinder.

## II.    <u>Governing Standard</u>

A party invoking federal jurisdiction bears the burden of proving the exercise of such jurisdiction is proper.  *Becker v. Ute Indian Tribe of the Uintah and Ouray Reservation*, 770 F.3d 944, 946-47 (10th Cir. 2014).  A defendant may remove an action from state court if the federal district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  As is relevant here, federal district courts have original jurisdiction over actions where the parties are completely diverse and the amount in controversy exceeds $75,000.  *See* 28 U.S.C. §§ 1332(a), 1441(b)(1); *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).  Parties are completely diverse only if no plaintiff is a citizen of the same state as any defendant.  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

An action may nevertheless be removable if a plaintiff fraudulently joins a nondiverse party to defeat federal jurisdiction under § 1332.  In such cases, the Court will disregard the citizenship of the fraudulently joined defendant for diversity purposes. *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (citing *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967)); *see also Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013).  Specific allegations of fraudulent joinder permit the Court to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."  *Dodd v. Fawcett Publ'ns Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)). To satisfy its burden, "the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[1]  *Id.* (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

To achieve remand on the second prong, the defendant must show that there is "no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592 at *1 (10th Cir. Apr. 14, 2000) (cleaned up). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* at * 2; *see also Dutcher*, 733 F.3d at 988 (distinguishing between fraudulent joinder inquiry and question of whether "plaintiffs have stated a valid claim" against allegedly fraudulently joined defendants); *Johnson v. State Farm Fire & Cas. Co.*, No. 19-CV-250-JED-FHM, 2019 WL 5388521, at *3 (N.D. Okla. Oct. 22, 2019) (applying "*Montano*'s [no possibility] standard to determine whether [removing insurer]

---

[1] Because CSAA does not argue actual fraud in the pleading of jurisdictional facts, the Court's analysis is confined to the second prong.

has met its burden under *Dutcher* to demonstrate the plaintiffs' inability to a establish a cause of action against [nondiverse defendant]").

## III.    Discussion

Evidence submitted by Defendant CSAA with its Notice of Removal, which is uncontroverted by Plaintiff, establishes that the vehicular accident in which the parties were involved occurred on October 6, 2022.  [Doc. No. 1] at 3.  Plaintiff did not file her Petition until July 18, 2025.  *Id.*  In Oklahoma, the statute of limitations period is two (2) years for negligence actions seeking damages sustained in traffic accidents.  *See Hatchett v. K & B Transp., Inc.*, 263 F. Supp. 2d 1315, 1315–16.  (W.D. Okla. 2003); *see also* 12 O.S. § 95(3).  So, Plaintiff's Petition was filed almost nine (9) months after the statute of limitations period had passed.  Accordingly, Plaintiff's negligence claim against Defendant Tankersley is barred by the applicable statute of limitations.  Because of this, Defendant CSAA has established with certainty that it is impossible for Plaintiff to establish a cause of action against Defendant Tankersley.  *See Quickmart #2, Inc. v. State Farm Fire & Cas. Co.*, No. CIV-13-1342-D, 2014 WL 819360 (W.D. Okla. Mar. 3, 2014) (holding that a violation of the statute of limitations is enough to prove fraudulent joinder).

Plaintiff argues that because Defendant Tankersley is in default, it is possible for Plaintiff to establish a cause of action against him, and therefore CSAA's fraudulent joinder claim must fail.  The Court finds this argument unpersuasive.  Neither the state court record, nor this Court's record, indicates that a default has been entered against Defendant Tankersley in state court.  Instead, there is a motion for default judgment *pending* against Defendant Tankersley in state court.  [Doc. No. 1-1].  As the moving party, Plaintiff had an

4

obligation to file a notice of pending motions as to their Motion for Default Judgment with this Court within 30 days of removal. LCvR81.2(b) ("Any motion pending at the time of removal will be considered withdrawn unless, within 30 days of removal, the *moving party* files a notice of pending motion and attaches copies . . .") (emphasis added). And while the Defendant did file a Notice of Pending Motions as to the Plaintiff's Motion for Default [Doc. No. 4], this Court could consider the Plaintiff's Motion withdrawn, as Plaintiff did not file the Notice as the moving party. *Id.* If the Motion for Default is withdrawn, Plaintiff's argument is moot. Nevertheless, despite being filed by the incorrect party, a Notice of Pending Motions was filed [Doc. No. 4]. Because of this, the Court will consider the Plaintiff's Motion for Default.

It is well established that a district court may set aside a default "for good cause shown" pursuant to Rule 55(c). *Guttman v. Silverberg*, 167 F. App'x 1, *3 (10th Cir. 2005); *see also Wachovia Bank, N.A. v. Bank of Oklahoma, N.A.*, No. CIV-06-0263-F, 2006 WL 1451391, *1 (W.D. Okla. May 22, 2006). Because this Court finds that Mr. Tankersley has been fraudulently joined, the Court believes good cause exists to set aside the default and dismiss Mr. Tankersley from this matter. *See Leavitt v. Solid Waste Servs., Inc.*, No. 5:05CV26, 2005 WL 8162260, *3 (N.D.W. Va. Dec. 16, 2005) (setting aside default when Defendant had been fraudulently joined); *see also Muhtaseb v. Alzayat*, No. 321CV00519FDWDCK, 2022 WL 4591806, *3 (W.D.N.C. Sept. 29, 2022) (setting aside default *sua sponte* when subject matter jurisdiction was lacking).

## VI.    <u>Conclusion</u>

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand [Doc. No. 8] is DENIED and Plaintiff's claims against Mr. Tankersley are DISMISSED without prejudice.

IT IS FURTHER ORDERED that the Court STRIKES the Motion for Default Judgment against Defendant Tankersley.

IT IS SO ORDERED this 5th day of June, 2026.

SCOTT L. PALK
CHIEF UNITED STATES DISTRICT JUDGE
